**SAIBER LLC**
Vincent F. Papalia
John M. August
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
*Attorneys for Plaintiff*
*Deborah Jarol*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH JAROL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BRODER LAW GROUP, P.C.; SETH BRODER; OC GARDENS DEVELOPMENT, LLC; FRANK ACHUFF; and JOHN DOES 1 through 3,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

　　　　Plaintiff, Deborah Jarol ("Ms. Jarol" or "Plaintiff"), through her attorneys, Saiber LLC, by way of Complaint against Defendants, alleges as follows:

**NATURE OF ACTION**

　　　　1.　　Plaintiff brings this action to recover $200,000.00, plus interest, attorneys' fees and expenses, due to her pursuant to the terms of a Real Estate Sales Agreement with defendant OC Gardens Development Group, LLC, which was guaranteed by defendant Frank Achuff. Plaintiff provided defendant Broder Law Group, P.C., as Escrow Agent, with $250,000.00 to be held in escrow pursuant to the terms of that Agreement. This $250,000.00 escrow was to be released to a lender only upon the receipt and confirmation of certain documentation related to a letter of credit. The Agreement further provided for OC Gardens Development Group to repay

the $250,000.00 to Plaintiff in five monthly installments, which Mr. Achuff guaranteed. Defendant Seth Broder, on behalf of the Broder Law Group, released the $250,000.00 to an unknown "broker" or brokers in breach of the Agreement and his and the Broder Law Group's obligations as Escrow Agent.  OC Gardens Development Group breached the Agreement by failing to repay the $250,000.00 to Plaintiff.  Defendant Frank Achuff subsequently repaid $50,000.00 to Plaintiff pursuant to his guarantee.  Plaintiff now brings suit to recover the remaining $200,000.00, plus interest, attorneys' fees and expenses.

## PARTIES

2.  Plaintiff is an individual having an address of 68 Locust Road, Winnetka, Illinois 60093.

3.  Defendant Broder Law Group, P.C., ("Broder Law Group") is a professional corporation with offices located at 110 Marter Ave. #409, Moorestown, New Jersey.

4.  On information and belief, Defendant Seth Broder, Esq. ("Broder"), is an individual resident of the State of New Jersey and an officer of, and employed by, the Broder Law Group and at all times in this Complaint was acting on behalf of the Broder Law Group.

5.  On information and belief, Defendant OC Gardens Development, LLC ("OC Gardens") is a New Jersey limited liability company with an address of 4014 Calle Bienvenido, San Clemente, California 92673.

6.  On information and belief, Defendant Franck Achuff is the managing member of OC Gardens and has or had an address of 219 Bay Road, Ocean City, New Jersey 08226 and 617 East 8th Street, Ocean City, New Jersey 08266.

7.  John Does 1 through 3 are unknown persons or entities who wrongfully received the Commitment Fee held in escrow by Broder Law Group as described herein.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over the claims asserted herein is founded on 28 U.S.C. § 1332(a) (1), in that the action is one between Plaintiff, who is a resident and citizen of the State of Illinois, and the Defendants who are citizens of the State of New Jersey for purposes of diversity. Thus, there is complete diversity of citizenship, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the individual defendants and the Broder Law Group are resident in this District.

## ALLEGATIONS AS TO ALL COUNTS

10. The property that is the subject matter of the transaction that gives rise to the claims and allegations of this Complaint is located at 68 Locust Road, Winnetka, Illinois 60093 ("Property").

11. On or about September 13, 2013, Ms. Jarol, as seller, and OC Gardens, as purchaser, entered into a Real Estate Sale Agreement ("Agreement") with respect to the Property pursuant to which Ms. Jarol agreed to sell and OC Gardens agreed to purchase ("the Property") on the terms set forth therein. A copy of the Agreement is attached as Exhibit A.

12. Broder and the Broder Law Group represented OC Gardens in connection with the Agreement.

13. As a material inducement to cause Ms. Jarol to enter into the Agreement, OC Gardens was required to obtain a Letter of Credit (the "Letter of Credit") from OC Gardens' lender (the "Lender") for the Purchase Price of the Property, which was $25,580,000, subject to adjustment pursuant to the terms of the Agreement. See Exhibit A, ¶4(b).

14. As set forth in the Agreement, the Lender required, inter alia, a $250,000.00 Commitment Fee ("Commitment Fee") in connection with the issuance of the Letter of Credit. See Exhibit A, ¶4(b)(1).

15. The Agreement provided that, upon execution, Ms. Jarol agreed to deliver to the Broder Law Group, as Escrow Agent, the Commitment Fee (in the amount of $250,000) to be held in escrow in an IOLTA attorney trust account at TD Bank, N.A. (the "Broder Trust Account") pursuant to the terms of the Agreement. *See* Exhibit A, ¶¶4(b) and 24.

16. The Commitment Fee was to be released to the Lender (or its duly appointed representative) from escrow, inter alia, upon receipt by OC Gardens of written confirmation from the Lender of the payment schedule, the original tear sheet, and the Letter of Credit issued by Lender and upon OC Gardens' confirmation and satisfaction of the authentication of same. See Exhibit A, ¶4(b)(1).

17. The Agreement further provided that the Commitment Fee was to be repaid to Ms. Jarol by OC Gardens in five equal monthly installments, commencing thirty days after the Agreement's "Contract Date" of September 13, 2013. See Exhibit A at ¶4(b)(2). Achuff personally guaranteed OC Gardens' payment obligations under ¶4(b)(2), (collectively, the "Commitment Fee Obligation").

18. On or about September 13, 2013, the Commitment Fee was delivered to the Broder Law Group by wire transfer made on behalf of Ms. Jarol. Receipt of the Commitment Fees was acknowledged by Broder. See e-mail of Monday, September 16, 2014 from Broder to David Pritzker, Ms. Jarol's attorney on the real estate transaction concerning the Property, a copy of which is attached hereto as Exhibit B.

19. According to Broder, on or about September 17, 2013, October 7, 2013, and/or November 5, 2013, Broder, on behalf of the Broder Law Group as Escrow Agent, released the Commitment Fee to an unknown and unnamed broker or brokers, in breach of the Agreement and the Broder Law Group's obligations as Escrow Agent.  See copy of e-mail dated November 22, 2013, from Broder to David Pritzker attached as Exhibit C.

20. On information and belief, the Letter of Credit was never issued.

21. On or about November 26, 2013, Ms. Jarol caused to be issued a Notice of Default and termination of the Agreement to OC Gardens and the Broder Law Group. See copy of the November 26, 2013 Default Notice attached as Exhibit D.

22. OC Gardens did not make any payments under the Agreement.

23. On or about December 10, 2013, a Demand for Payment was delivered to Achuff based on his personal guarantee of OC Gardens' obligations under ¶4(b)(2) of the Agreement. See copy of December 10, 2013 Demand for Payment attached as Exhibit E.

24. Achuff acknowledged his obligation to repay the Commitment Fee under ¶4(b)(2) of the Agreement, based on his personal guarantee, and made one payment of $50,000 to Ms. Jarol on account of his Commitment Fee Obligation.  See January 5, 2014 email from Achuff to Sherwin Jarol attached as Exhibit F.

25. Despite demand, no further payments were made and $200,000.00 of the Commitment Fee Obligation has not been repaid to Plaintiff.

26. The Agreement contains a fee-shifting provision which provides that the prevailing party is entitled to counsel fees, costs and expenses.  See Exhibit A, ¶23(k).

27. On or about December 26, 2013, the Agreement terminated.

## FIRST COUNT

(Breach of Contract and Guarantee Obligation)

28. Plaintiff repeats the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Plaintiff entered into the Agreement with OC Gardens whereby OC Gardens was to purchase the Property from Plaintiff on the terms set forth therein.

30. As provided in ¶4(b)(1) of the Agreement, Ms. Jarol caused the $250,000 Commitment Fee to be delivered to the Broder Law Group as Escrow Agent, to be held in escrow pursuant to the terms of the Agreement.

31. Pursuant to ¶4(b)(2) of the Agreement, the Commitment Fee was to be repaid to Ms. Jarol in five equal monthly installments of $50,000, commencing on October 13, 2013, as provided in ¶4(a) of the Agreement (defined herein as the Commitment Fee Obligation). Achuff personally guaranteed OC Gardens' Commitment Fee Obligation under ¶4(b)(2) of the Agreement.

32. The Agreement stated that the Commitment Fee was to be released from escrow to the Lender or its duly appointed representative upon receipt by OC Gardens of written confirmation from the Lender of the payment schedule, the original tear sheet and the Letter of Credit issued by Lender and OC Gardens' confirmation and satisfaction of the authentication of same.

33. Broder, on behalf of the Broder Law Group, released the entire Commitment Fee from escrow to an unnamed and unknown person(s) and/or entities, described only as "Broker," without written confirmation from the Lender of payment schedule, the original tear sheet and issuance of the Letter of Credit, and OC Gardens' confirmation and satisfaction of the

authentication of same.

34. The release by Broder, on behalf of the Broder Law Group, of the Commitment Fee to: (i) an unknown person or persons other than Lender or Lender's duly appointed representative; (ii) without written confirmation from the Lender of the payment schedule, the original tear sheet and issuance of the Letter of Credit by Lender; and (iii) OC Gardens' confirmation and satisfaction of the authentication of same, each constitute material breaches of the Agreement and material breaches of the escrow.

35. Achuff personally guaranteed OC Gardens' Commitment Fee Obligation to Ms. Jarol under ¶4(b)(2) of the Agreement.

36. As a result of these material breaches, Plaintiff has sustained damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

37. Despite repeated demands on behalf of Plaintiff for return of the $200,000 balance of the Commitment Fee, Broder and Broder Law Group have failed and refused to do so.

38. Pursuant to ¶23(k) of the Agreement, the prevailing party is entitled to recover all reasonable attorneys' fees, costs and expenses in any action brought against the other parties to the Agreement.

WHEREFORE, Plaintiff demands judgment against Broder, the Broder Law Group, OC Gardens and Frank Achuff, jointly and severally, in the amount of $200,000.00 together with interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

## SECOND COUNT

(Breach of Escrow)

39. Plaintiff repeats the allegations of paragraphs 1 through 38 of the Complaint.

40.     Broder, on behalf of the Broder Law Group, agreed to hold the Commitment Fee required by the Lender in escrow and to not release it to anyone other than the Lender or its duly appointed representative, and only upon receipt by OC Gardens of written confirmation from the Lender of the payment schedule, original tear sheet and issuance of the Letter of Credit and OC Gardens' confirmation and satisfaction of authentication of same.

41.     Broder, on behalf of the Broder Law Group, released the Commitment Fee from escrow to persons and/or entities other than the Lender or its duly appointed representative, without written confirmation from the Lender of the payment schedule, the original tear sheet and issuance of the Letter of Credit by Lender and without OC Gardens' confirmation and satisfaction of the authentication of same.

42.     Despite repeated demands on behalf of Plaintiff for return of the $200,000 balance of the Commitment Fee, Broder and Broder Law Group have failed and refused to do so.

43.     As a proximate cause thereof, Plaintiff sustained damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands judgment against Broder and the Broder Law Group, jointly and severally, in the amount of $200,000.00, together with interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

## THIRD COUNT

(Conversion)

44.     Plaintiff repeats the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     The Broder Law Group was in dominion and control of the Commitment Fee in its capacity as Escrow Agent under the Agreement, and Broder was in dominion and control of

the Attorney Trust Account into which the Commitment Fee was to be deposited.

46. Broder, on behalf of the Broder Law Group, released the Commitment Fee from escrow to persons and/or entities other than the Lender or its duly appointed representative without written confirmation from the Lender of the payment schedule, the original tear sheet and issuance Letter of Credit by Lender, and without OC Gardens' written confirmation of the satisfaction and authentication of same.

47. The conduct of Broder in releasing the Commitment Fee from escrow in such circumstances was intentionally wrongful and in willful and wanton disregard for the rights of Plaintiff.

48. Despite repeated demands on behalf of Plaintiff for return of the $200,000 balance of the Commitment Fee, Broder and Broder Law Group failed and refused to do so.

49. As a result thereof, Plaintiff sustained actual damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands judgment against Broder and the Broder Law Group, jointly and severally, in the amount of $200,000.00, together with punitive damages, interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

## FOURTH COUNT

(Breach of Fiduciary Duty)

50. Plaintiff repeats the allegations of paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Broder, on behalf of the Broder Law Group as Escrow Agent, had a fiduciary duty to Ms. Jarol to hold the Commitment Fee in escrow in strict accordance with the Agreement.

52.     Broder, on behalf of the Broder Law Group, breached his fiduciary duty to Ms. Jarol by releasing the Commitment Fee from escrow to persons and/or entities other than the Lender or its duly appointed representative, without written confirmation from the Lender of the payment schedule, the original tear sheet and issuance of Letter of Credit and without confirmation of OC Gardens' satisfaction and authentication of same.

53.     As a proximate cause thereof, Plaintiff sustained actual damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands judgment against Broder and the Broder Law Group, jointly and/or severally, in the amount of $200,000.00, together with punitive damages, interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

## FIFTH COUNT

(Grossly Negligent and/or Reckless Conduct)

54.     Plaintiff repeats the allegations of paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     The conduct of Broder of wrongfully releasing the Commitment Fee from escrow in such circumstances was grossly negligent and/or in reckless disregard of the duties owed by Broder to Ms. Jarol under the Agreement and under the ethical rules applicable to attorneys.

56.     As a proximate cause thereof, Plaintiff sustained actual damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands judgment against Broder and the Broder Law Group, jointly and/or severally, in the amount of $200,000.00, together with interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

## SIXTH COUNT

(Negligence)

57. Plaintiff repeats the allegations contained in paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Broder, on behalf of the Broder Law Group, had a duty to not release the Commitment Fee from escrow except as expressly set forth in the Agreement.

59. Broder, on behalf of the Broder Law Group, released the Commitment Fee from escrow to a person or persons other than Lender or its duly appointed representative without written confirmation from the Lender of the payment schedule, the original tear sheet and issuance of the Letter of Credit and without written confirmation of OC Gardens' satisfaction and authentication of same.

60. As a proximate cause thereof, Plaintiff sustained damages in the amount of $200,000, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiff demands judgment against Broder and the Broder Law Group, jointly and/or severally, in the amount of $200,000.00 together with interest, attorneys' fees and expenses, costs of suit and such other relief as the Court deems just and equitable.

SAIBER LLC
*Attorneys for Plaintiff*
*Deborah Jarol*

By:   /s/ Vincent F. Papalia
VINCENT F. PAPALIA
JOHN M. AUGUST

Dated: June 10, 2014

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no such other action or arbitration proceeding is contemplated.  I further certify that to the best of my knowledge, no other party should be joined in this action.

                                        SAIBER LLC
                                        *Attorneys for Plaintiff*
                                        *Deborah Jarol*

By:    /s/ Vincent F. Papalia
           VINCENT F. PAPALIA
           JOHN M. AUGUST

Dated:  June 10, 2014

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)**

I hereby certify that this matter should not be designated or processed for compulsory arbitration because the damages recoverable in this action exceed the sum of $150,000 exclusive of interest and costs and any claim for punitive damages.

                                        SAIBER LLC
                                        *Attorneys for Plaintiff*
                                        *Deborah Jarol*

By:    /s/ Vincent F. Papalia
           VINCENT F. PAPALIA
           JOHN M. AUGUST

Dated:  June 10, 2014